UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DEVERE SEABROOK,

                                   Plaintiff,

              -against-

CORRECTION OFFICER W. FREEMAN, CORRECTION OFFICER T. GERNON, CORRECTION OFFICER D. ABREU, CORRECTION OFFICER A. WELLS, JOHN DOE CORRECTION OFFICERS ##1-2,

                                  Defendants.

------------------------------------------------------------------------ x

COMPLAINT AND JURY DEMAND

Docket No.

ECF CASE

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights under the Eighth and Fourteenth Amendments secured by 42 U.S.C. §1983.

2.    The claim arises from an incident which occurred on September 29, 2013 and another on August 23, 2014 in which defendant correction officials assaulted plaintiff for no legitimate penal purpose, causing him to suffer serious injuries.  Both incidents occurred while plaintiff was in the custody of New York State Department of Correctional Services ("DOCCS") at Green Haven Correctional Facility.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.    This action is brought pursuant to 28 USC §1331 and 42 USC §§1983 and 1988.

5.    The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7.      Plaintiff Devere Seabrook was in the custody of the DOCCS at Green Haven Correctional Facility at all relevant times herein.

8.      Defendant Correction Officers Freeman, Gernon, and Abreu were employees of the DOCCS working as correction officers at Green Haven Correctional Facility at all times here relevant and were acting in the capacity of agents, servants and employees of the State of New York, and acting under color of state law. On information and belief, these defendants assaulted and/or failed to intervene in the assault of plaintiff on September 29, 2013.

9.      Defendant Correction Officer A. Wells and John Doe Officers ##1-2 were employees of the DOCCS working as correction officers at Green Haven Correctional Facility at all times here relevant and were acting in the capacity of agents, servants and employees of the State of New York, and acting under color of state law. On information and belief, these defendants assaulted plaintiff on August 23, 2014.

## FACTUAL ALLEGATIONS

10.      On September 29, 2013, plaintiff was returning to his housing block from his job in the mess hall.  He and other inmates were being escorted by correction officers.

11.      Upon reaching his housing block, a correction officer asked plaintiff to return carts back to the mess hall.  Plaintiff complied with the officer's request and pushed the carts to the mess hall.

12.    Upon returning to his housing block, he was stopped by defendant Correction Officer Freeman and demanded to search him.  Plaintiff explained that he had already been searched upon leaving the mess hall and was only returning the carts, but nevertheless defendant CO Freeman demanded that he be searched.  Plaintiff complied with his order, though he verbally argued that he need not be searched again.

13.    Defendant CO Freeman also put plaintiff through a series of non-sensical physical demands that plaintiff complied with, though again verbally objecting and asking him why he was doing that.

14.    Defendant CO Freeman then escorted plaintiff part of the way down the corridor of his housing block.  Plaintiff was told to wait in the corridor and he complied. Defendant CO Freeman then walked down the corridor and returned to plaintiff holding plaintiff's radio that he had in his cell.  Plaintiff objected to defendant CO Freeman handling the radio and CO Freeman smashed it on the floor.

15.    After smashing his radio, defendant CO Freeman assaulted plaintiff, tackling him to the ground.  Defendants Gernon and Abreu arrived joining in the assault.

16.    As a result of the assault, plaintiff was injured, incurring a 1 inch long and ½ inch deep laceration above his eye, a contusion to his previously injured wrist, bruises about other parts of his body and injury to his right knee.  He was transferred out of the facility to Putnam Hospital for treatment.

17.    Plaintiff was infracted and charged with "refusing a direct order", "movement regulation violation", and "assault on staff".  He was ultimately found guilty for the assault and not guilty for the other two violations.  With regards to the infraction he was found not guilty for, the hearing officer noted the Defendant CO Freeman was "wrong

about the inmate disobeying a direct order and violating a movement regulation direction."

18.   As a result of his being found guilty of assaulting staff, he was placed in punitive segregation, and released on or about March 28, 2014.

19.   After he was released from punitive segregation and placed back into the general population, he was harassed by staff.

20.   On August 23, 2014, plaintiff was on his way to recreation, but stopped at the phone to see if he could make calls.  Defendant Correction Officer Wells then demanded to know what plaintiff was doing using aggressive language and an expletive.  Defendant CO Wells then demanded the plaintiff give him his identification and to lock in his cell rather than go to recreation.  Plaintiff complied.

21.   Later that day, plaintiff's cell door popped open.  Defendant Correction Officer Wells was standing outside the cell and requested that plaintiff come out of the cell.  Reluctantly, plaintiff complied with defendant CO Wells' order.

22.   Defendant CO Wells punched plaintiff in the face.  He was further assaulted by CO Wells and defendant John Doe officers.

23.   Plaintiff was taken to Putnam Hospital, where he was diagnosed with a fractured jaw, contusions on his face and chest wall, and swelling and injury to his right knee

24.   Plaintiff grieved each of the above described incidents and exhausted all administrative remedies available to him.

25.   At all times during the events described above, the defendant Correction Officials were engaged in a joint venture and formed an agreement to violate plaintiff's

rights.  They assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of each other against plaintiff.

26.    During all of the events above described, defendants acted maliciously, with deliberate indifference, and with intent to injure plaintiff.

## DAMAGES

27.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

   b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   c. Physical pain and suffering; and

   d. Emotional trauma and suffering, including fear, emotional distress, frustration, fright, horror, grief, depression, loss of sleep, and increased levels of anxiety.

## FIRST CAUSE OF ACTION
(Violation of Plaintiff's Eighth Amendment Right under the Constitution of the United States to be free from Cruel and Unusual Punishment)

28.    The above paragraphs are here incorporated by reference.

29.    Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment

under the Eighth Amendment when defendants assaulted plaintiff without provocation and with no penalogical purpose, and failed to intervene in one another's unlawful and unconstitutional conduct.  Defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §1983, including, but not limited to, rights guaranteed by the Eighth Amendment to the United States Constitution.

30.    Defendants acted with malicious intent and/or deliberate indifference and failed to protect him from substantial risk of harm to his person and are liable to plaintiff under 42 U.S.C. §1983.

31.    Plaintiff has been damaged as a result of defendants' wrongful acts.

32.    WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury.


DATED:     July 21, 2015
           Brooklyn, New York


TO:    Defendants, Green Haven
Correctional Facility

Respectfully yours,

By: Leo Glickman
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
lglickman@stollglickman.com

7

JURY DEMAND

Plaintiff demands a trial by jury.


DATED:       July 21, 2015
             Brooklyn, New York


                                        Respectfully yours,

TO:    Defendants, Green Haven
Correctional Facility

                                        By: Leo Glickman
                                        Stoll, Glickman & Bellina, LLP
                                        Attorneys for Plaintiff
                                        475 Atlantic Avenue 3rd Floor
                                        Brooklyn, NY  11217
                                        (718) 852-3710
                                        (718) 852-3586
                                        lglickman@stollglickman.com